NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  WAVERLY LICENSING LLC,**

*Petitioner*

---

2023-109

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in Nos. 1:22-cv-00420-CFC and 1:22-cv-00422-CFC, Chief Judge Colm F. Connolly.

---

**ON PETITION**

---

Before DYK, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

## O R D E R

Waverly Licensing LLC filed these suits in the United States District Court for the District of Delaware.  On September 21, 2022, the district court ordered Waverly's managing member to attend a hearing on December 6, 2022, to determine whether Waverly complied with the court's standing orders concerning (1) disclosure of owners, members, and partners of nongovernmental entities that are parties before the court and (2) disclosure of certain third-party funding arrangements in litigation before the court.

Waverly petitions this court for a writ of mandamus that would direct the district court to cancel the hearing and end its "judicial inquisition." Pet. at 4.

"As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue": the petitioner must show (1) there is "no other adequate means to attain the relief he desires," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted).  That standard has not been met.

Waverly argues that the district court clearly over-stepped its authority when it entered the standing orders. But a direct challenge to those orders at this juncture is premature, as Waverly has not been found to violate those orders, and it will have alternative adequate means to raise such challenges if, and when, such violations are found to occur.

Waverly further argues that it has an indisputable right to terminate the district court's inquiry because the parties in both of the cases that are the subject of this petition have jointly stipulated to dismiss the actions under Federal Rule of Civil Procedure 41(a)(2).  In one case, *Waverly Licensing LLC v. Granite River Labs Inc.*, No. 1:22-cv-00422 (D. Del.), the parties filed a joint stipulation of dismissal on September 21, 2022, the same day that the district court entered its order setting the December 6, 2022, hearing.  Subsequent to filing that stipulation, Waverly filed a motion to stay the litigation pending the disposition of a petition for a writ of mandamus in *In re Nimitz*, No. 2023-103 (Fed. Cir.), another case challenging the district court's standing orders.  Before the district court ruled on the motion to stay, the parties in *Waverly Licensing LLC v. AT&T Mobility LLC*, No. 1:22-cv-420 (D. Del.), filed a joint stipulation of dismissal.  The district

court then granted the motion to stay both cases pending the termination of the Federal Circuit's stay in the *Nimitz* case, and canceled the evidentiary hearing that had been ordered for December 6, 2022. Meanwhile, this court denied the *Nimitz* petition, noting that a challenge to the standing orders was premature, and the district court has taken no further action in these cases since that time.

Here, as in *Nimitz*, the petition is premature. Given that the district court has taken no further action in these cases since its September 21 order, other than to grant Waverly's motion for a stay, the court has not addressed Waverly's argument that in light of the joint stipulated dismissals the court may not conduct the proposed inquiry into the accuracy of Waverly's corporate disclosure statements and compliance with the court's standing order on third-party litigation funding. Waverly's contention that the district court may not continue its inquiry following the stipulated dismissals and that mandamus should be granted on that ground is therefore premature.

Notably, there is no absolute prohibition on a district court's addressing collateral issues following a dismissal. Rather, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also* Fed. R. Civ. P. 83(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (a district court has authority to regulate practice before it). Waverly has not shown that the court acted so far outside of this authority to warrant the extraordinary remedy of a writ of mandamus.

Accordingly,

4                                    IN RE: WAVERLY LICENSING LLC

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

January 4, 2023                          /s/ Peter R. Marksteiner
        Date                             Peter R. Marksteiner
                                         Clerk of Court